BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for Mohave Agrarian Group, LLC*

Electronically Filed November 23, 2016

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re

MOHAVE AGRARIAN GROUP,
LLC, an Arizona limited liability
company,

          Debtor.

Case No. BK-S-16-10025-mkn

Chapter 11

**MOTION FOR ORDER
AUTHORIZING PRIVATE SALE OF
DEBTOR'S REAL PROPERTY TO
ENCORE INVESTMENTS, LLC,
FREE & CLEAR OF LIENS;
SUBDIVISION OF DEBTOR'S
PROPERTY**

Hearing Date:   January 23, 2017
Hearing Time:  9:30 a.m.

      Mohave Agrarian Group, LLC (the "Debtor"), as debtor and debtor in possession in the above-captioned chapter 11 case, hereby files this motion (the "Motion") for an order, pursuant to sections 105(a), 363(b), 363(f)(5) & 363(m) of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended, the "Bankruptcy Code"): (a) authorizing the sale of a portion of a parcel of the Debtor's real property (the "Sale Property") to Encore Investments, LLC (the "Purchaser"), free and clear of all claims, liens, interests and encumbrances, but subject to an easement in favor of the Debtor; (b) setting the release price for the Sale Property under the Debtor's loan with Contrail Holdings, LLC ("Contrail"); (c) finding that the Purchaser is a good faith buyer; (d) subdividing the Debtor's property in order to facilitate the transfer of the Sale Property; (e) finding that notice of this Motion complied with Rules 2002, 6004 & 9014 of the Federal Rules of Bankruptcy Procedure (the

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

"Bankruptcy Rules"); and (f) granting such other relief as appropriate in the best interests of the estate.

This Motion is based upon the following memorandum of points and authorities, the *Declaration of James Rhodes* (the "Rhodes Declaration") and *Declaration of John Gall* (the "Gall Declaration") filed concurrently herewith and in support hereof, the papers and pleadings on file with the Court in the above-captioned case, and any argument of counsel the Court may entertain at the hearing.

DATED this 23rd day of November 2016.

**FOX ROTHSCHILD LLP**

By: _____*/s/Brett A. Axelrod*_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Mohave Agrarian Group, LLC*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42735415.v7-11/23/16

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor owns numerous agricultural and industrial parcels of real property spread across the surrounding area of the city of Kingman, Arizona (the "Properties"). The Properties secure a lien held by Contrail, the Debtor's only secured lender.

The Debtor has proposed its plan of reorganization, which will be funded by sales of the Properties, and has been actively marketing the Properties for a number of months now. On October 11, 2016, the Debtor entered into the *Purchase and Sale Agreement* (the "Agreement") with the Purchaser, providing for the Debtor's sale of the Sale Property at a price per acre that is nearly 24% higher than any previously appraised value. On October 20, 2016, the Debtor and Purchaser entered into the *Addendum to Purchase and Sale Agreement* (the "Addendum"), correcting certain typographical errors in the Agreement. Attached as **Exhibits A** & **B** to the Rhodes Declaration are true and correct copies of the Agreement and Addendum (collectively, the "Purchase Agreement").

There is ample justification for the Debtor's sale of the Sale Property under the terms of the Purchase Agreement, which are fair and reasonable, and were negotiated in good faith. The sale of the Sale Property for a price substantially in excess of the highest appraised value maximizes value for the Debtor's estate. The Sale Property can be sold to the Purchaser free and clear of Contrail's lien, upon the Debtor's payment of the "Release Payment" equaling 105% of the Property's appraised value, as provided in the Contrail loan documents. The Sale Property comprises approximately half of one parcel of the Debtor's Properties, necessitating the subdivision of that parcel to effectuate the transfer.

The Debtor therefore moves this Court to: (a) approve the Purchase Agreement; (b) determine the Release Payment for the Sale Property; (c) order that the Sale Property is transferred free and clear of Contrail's lien upon the Debtor's payment of the Release Payment; (d) subdivide one parcel of the Debtor's Property to facilitate the transfer of the Sale Property; and (e) grant such other and further relief as appropriate in the best interests of the estate.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42735415.v7-11/23/16

## II.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(N).  The statutory predicates for the relief sought herein are: Bankruptcy Code §§ 105(a) and 363(b), (f)(5) & (m); Bankruptcy Rules 2002(a)(2), (c)(1), (i) & (j), 6004(a) & (c) and 9014; and Rules 2002, 6004, and 9014 of the Local Rules of Bankruptcy Practice (the "Local Rules").

2.      On January 5, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its businesses and managing its affairs as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3.      No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.

4.      The last day to file a proof of claim in this case was May 4, 2016.

## III.

## FACTUAL BACKGROUND

A.      **The Debtor's Assets/Operations.**

5.      Debtor is engaged in the business of commercial agrarian development and future residential and commercial development in Mohave County, Arizona.  See Rhodes Declaration, ¶ 4.

6.      Debtor is the owner of the following 12 parcels of property (collectively, the "Properties") totaling 8,888.31 gross acres of land:

| APN # | Acres | Group | Purchase Date | Doc. No. |
|-------|-------|-------|---------------|----------|
| 341-15-008 | 640.48 | Red Lake | 08/04/14 | 34005 |
| 354-29-011 | 5.74 | Peacock Highlands | 08/04/14 | 34004 |
| 313-01-035 | 2,384.04 | Peacock Highlands | 12/31/09 | 7666-173 |
| 313-01-005 | 40 | Peacock Highlands | 12/31/09 | 7666-173 |
| 313-02-023 | 634.12 | Peacock Highlands | 12/31/09 | 7666-173 |
| 313-02-022 | 3,814.70 | Peacock Highlands | 12/31/09 | 7666-173 |
| 313-02-021 | 315.80 | Peacock Highlands | 12/31/09 | 7666-173 |
| 313-02-008 | 40 | Peacock Highlands | 12/31/09 | 7666-173 |
| 313-02-024 | 317.58 | Peacock Highlands | 12/31/09 | 7666-173 |
| 310-17-004 | 48.94 | Peacock Highlands | 08/04/14 | 34003 |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

ACTIVE\42735415.v7-11/23/16

| 313-20-025 | 17 | Peacock Highlands | 12/31/09 | 7666-173 |
| 215-01-072 | 629.91 | Golden Valley | 03/15/06 | 6157-218 |
| Total | 8,888.31 | | | |

See Rhodes Declaration, ¶ 5.

7.     The Properties are segregated into 3 different groups: (1) Peacock Highlands Farms (7,617.92 acres); (2) Red Lake Farms (640.48 acres) and (3) Golden Valley Farms (629.91 acres). See Rhodes Declaration, ¶ 6.

**B.     The Debtor's Proposed Plan.**

8.     On September 2, 2016, the Debtor filed its *First Amended Chapter 11 Plan of Reorganization Dated September 2, 2016* [Docket No. 136] (the "Plan"), together with its *Disclosure Statement Prepared in Connection With Debtor's [Plan]* [Docket No. 137] (the "Disclosure Statement"). See Rhodes Declaration, ¶ 7.

9.     The Debtor intends to fund its operations (including its obligations under the Plan) through land sales, accepting fire sale prices (if necessary) in the first year (2017) and gradually raising the prices in the following years (2018-2020). See the projections annexed as Exhibit D to the Disclosure Statement. See Rhodes Declaration, ¶ 8.

**C.     Marketing The Debtor's Properties.**

10.     The Debtor retained John Gall ("Gall") as its real estate agent pursuant to this Court's Order [Docket No. 89].

11.     After his retention, Gall developed a marketing plan for the Debtor's Properties, listed them on two national websites, sent out 250 emails (enclosing marketing brochures), and called over 75 potential buyers. See Gall Declaration, ¶¶ 5 & 6.

12.     As a result, in the past 90 days, the Properties have had been displayed online to over 5,800 potential buyers and with 97 detailed views for the property. Over two dozen potential buyers have asked Gall for additional information. See Gall Declaration, ¶ 5.

13.     Gall believes that the Purchase Agreement (described in detail below) is the highest and best offer for the Sale Property, maximizing the return to the Debtor's estate. See Gall Declaration, ¶ 8. Accordingly, and in light of the fact that the Purchase Price is $950 per acre (nearly 24%) above the highest appraised value, no auction of the Sale Property is contemplated.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

**D.    The Purchase Agreement For The Sale Property.**

14.    On October 11, 2016, the Debtor and Purchaser entered into the Agreement.  See Rhodes Declaration, Exhibit A.  On October 20, 2016, the Debtor and Purchaser entered into the Addendum, correcting certain typographical errors in the Agreement.  See Rhodes Declaration, Exhibit B.  The Agreement and Addendum are collectively referred to hereafter as the "Purchase Agreement."

15.    The Purchase Agreement provides for the Purchaser to purchase from the Debtor approximately 160 acres of Parcel Number 313-02-021 (the "Parcel") (part of the Peacock Highland Farms), and all easements, rights of way and other rights or interests appurtenant thereto, including any personal property located thereon, and specifically excepting therefrom any and all water and well rights appurtenant thereto (the "Sale Property"), at a price of $4,950 per gross acre, or $792,000.00 in aggregate (the "Purchase Price").  See Rhodes Declaration, Exhibit A at § 2.

16.    The Debtor and the Purchaser have opened escrow with Chicago Title in Arizona (the "Escrow Agent").  The Purchaser has made a $25,000 deposit (the "Initial Deposit") with the Escrow Agent, which is non-refundable under all circumstances (except the failure of this Court to approve the Purchase Agreement).  The Initial Deposit shall be applied to the Purchase Price at closing.  See Rhodes Declaration, Exhibit A at § 2.a.

17.    At closing, the Purchaser will make a $75,000 cash deposit with the Escrow Agent, to be applied to the Purchase Price, together with a $692,000 promissory note for the balance of the Purchase Price, secured by a first position deed of trust in favor of the Debtor (the "Note").  The Note will bear interest at 5.5% per annum, have a maturity date of three years from execution, provide for quarterly payments of principal and interest based on a 25 year amortization schedule, and provide for the balance (including all principal and interest) to be due at the end of the term.  See Rhodes Declaration, Exhibit A at § 2.b & 2.c.

18.    The sole condition precedent to the Purchaser's obligation to consummate the purchase of the Sale Property is the entry of a final order of this Court approving the Purchase Agreement and subdividing the approximately 320 acre Parcel into two 157.9 acre parcels, one of which will be the Sale Property (see Exhibit A to Exhibit A to the Rhodes Declaration) and the other

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of which will be the "Adjacent Parcel" (see Exhibit B to Exhibit A to the Rhodes Declaration). See Rhodes Declaration, Exhibit A at § 6(i), Exhibit B at § 1(i). Attached as Exhibits A & B to the Agreement (Exhibit A to the Rhodes Declaration) are legal descriptions and maps of the Sale Property and the Adjacent Parcel.

19.     The Purchase Agreement also provides that:

a.     The Purchaser will make a non-refundable payment of $1000 to the Debtor for the option to purchase the Adjacent Parcel at $5,450 per gross acre (the "Option"). The Option will expire one year after the execution of the Purchase Agreement. See Rhodes Declaration, Exhibit A at § 28.

b.     The Purchaser will be entitled to access a limited amount of water from the Debtor's well for 5 years at the rate of $40,000 per year. See Rhodes Declaration, Exhibit A at § 29.

c.     The Debtor reserves a 35 foot easement along the Sale Property for the purpose of accessing Debtor's Parcel Number 313-02-022. See Rhodes Declaration, Exhibit A at § 30.

20.     The Purchase Agreement was negotiated in good faith, at arms' length. Although the principal of the Purchaser (Mr. Robert Aleman) knows Mr. Rhodes, having worked at Rhodes Home over 12 years ago, neither the principal nor the Purchaser has had any ongoing relationship with Mr. Rhodes or any of his companies since then. There was no collusion between the Purchaser and the Debtor, nor any attempt to take advantage of other potential bidders. See Rhodes Declaration, ¶ 15.

**E.     Release Provision In Contrail Loan.**

21.     On June 30, 2014, the Debtor entered into a loan and security agreement and secured promissory note in favor of DCR Liquidating Trust ("DCR") in the amount of $7,610,328 (the "DCR Loan"), secured by substantially all of the Debtor's assets (the "Collateral"). See Rhodes Declaration, ¶ 16. Attached as **Exhibit C** to the Rhodes Declaration is a true and correct copy of the DCR Loan.

ACTIVE\42735415.v7-11/23/16

22.     On August 4, 2014, DCR recorded a deed of trust, assignment of rents and leases, security agreement, and fixture filing in the official records of Mohave County, Arizona as Document No. 2014034006.  See Rhodes Declaration, ¶ 17.

23.     On or about August 18, 2015, DCR transferred and assigned to Contrail, inter alia, all of its rights and interest in the DCR Loan, the secured promissory note, and the liens in the Collateral created by the DCR Loan as evidenced by that certain assignment of deed of trust dated August 12, 2015, and recorded in the official records of Mohave County, Arizona on August 18, 2015 as Document No. 2015036884.  See Rhodes Declaration, ¶ 18.

24.     Section 3.2 of the DCR Loan provides for a release price for the Collateral that is 105% of appraised value and states:

> "[t]he borrower shall have the right to procure a release of the Liens on any parcel of Collateral by making a principal payment to Lender in immediately available funds equal to **105% of the appraised value** of such parcel of Collateral (each such payment, a "Release Payment"). For purposes of determining the amount of a Release Payment, the appraisal of the parcel of Collateral in question shall have been completed by an independent, third-party appraiser reasonably acceptable to the Lender and the Borrower no more than ninety (90) days prior to such payment, and shall take into account the values of any fixtures on such parcel, any income producing activities occurring on or related to such parcel, and any mineral or water rights associated with such parcel…"

See Rhodes Declaration, Exhibit C at p. 8, § 3.2 (the "Release Provision") (emphasis added).

**F.      Appraisals Of The Sale Property.**

25.     To assist Debtor in determining the value of its real property, Debtor retained, pursuant to Court order, Landauer Valuation & Advisory (the "Appraiser") to perform appraisals of all of Debtor's real property.  See Application to Employ Landauer Valuation & Advisory as Real Estate Appraiser for Debtor [Docket No. 25]; Order Granting Application to Employ Landauer Valuation & Advisory as Real Estate Appraiser for Debtor [Docket No. 48].

26.     In its Appraisal dated February 16, 2016 (the "Initial Appraisal"), the Appraiser concluded that the "as is" market value of the Peacock Highlands Farms acres comprising the Sale Property is $3000 per acre.  [Docket No. 97-1, p. 99 of 214]

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8

27.    Contrail disagreed with the valuation conclusions in the Initial Appraisal, and submitted an appraisal conducted by Colliers International dated April 5, 2016 (the "Contrail Appraisal"), asserting that the "as is" market value of the Peacock Highlands Farms acres comprising the Sale Property is $1,100 per acre.  [Docket No. 110-1, p. 11 of 104].

28.    The Appraiser reviewed the Contrail Appraisal and submitted a rebuttal appraisal dated August 3, 2016 (the "Rebuttal Appraisal"), concluding that the "as is" market value of the Peacock Highlands Farms acres comprising the Sale Property is $4,000 per acre.  [Docket No. 122, p. 19 of 30].  The Appraiser increased the appraised value of the Sale Property by $1000 per acre over the Initial Appraisal based on his update and review of comparable sales in the region.

29.    Because the Debtor and Contrail cannot agree on what the appraised value for the Sale Property should be, this Court must determine the fair market value so that the Sale Property can be transferred free and clear of Contrail's lien.

**G.    No other Liens On The Sale Property.**

30.    Aside from Contrail's lien, the Debtor is unaware of any liens or interests asserted against the Sale Property other than $7,128.43 in property taxes assessed with respect to the Parcel (the "Property Taxes").  A true and correct copy of the 10/21/16 Mohave County property tax assessment is attached to the Rhodes Declaration as **Exhibit D**.  The Debtor will pay the Property Taxes from the $100,000 in cash the Debtor will receive on the closing of Escrow.  See Rhodes Declaration, ¶ 20.

**IV.**

**LEGAL ARGUMENT**

**A.    The Sale Should Be Approved.**

The Debtor requests that the Court determine: (a) that the proposed sale of the Property outside the ordinary course of the Debtor's business is appropriate; (b) that the proposed sale has been entered into in good faith; (c) that the proposed sale may be made free and clear of liens, claims, interests and encumbrances, but subject to an easement in favor of the Debtor; (d) the release price for the Property under the DCR Loan; and (e) that the Debtor's property may be subdivided into two parcels in order to facilitate the sale of the Property.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42735415.v7-11/23/16

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    Section 363(b)(1) of the Bankruptcy Code governs the sale of property of a bankruptcy estate,

2    and provides, in pertinent part, as follows: "[t]he trustee, after notice and hearing may use, sell, or

3    lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

4    The Court may authorize a sale pursuant to section 363(b) upon the Debtor's showing that the sale

5    has a valid business justification.  See, e.g., 240 North Brand Partners, Ltd. v. Colony GFP Partners

6    (In re 240 N. Brand Partners, Ltd.), 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996); Walter v. Suntrust

7    Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988).  "Ordinarily, the position of the [debtor

8    in possession] is afforded deference, particularly where business judgment is entailed in the

9    analysis . . . ."  Fridman v. Anderson (In re Fridman), No. BAP CC-15-1151-FKIKU, 2016 WL

10    3961303, at *8 (B.A.P. 9th Cir. July 15, 2016) (internal quotation marks omitted).  Nevertheless, "the

11    requirement of court approval means that the responsibility ultimately is the court's."  Id. (internal

12    quotation marks omitted).

13    Consistent with the foregoing, courts consider a wide range of factors in approving sales

14    outside of the ordinary course of business, generally including the following:

15        a.    Whether a sufficient business reason exists for the sale;

16        b.    Whether the proposed sale is in the best interest of the estate, which considers the

17            following factors:

18            i.    Whether terms of the sale are fair and reasonable;

19            ii.    Whether the proposed sale has been adequately marketed;

20            iii.    Whether the proposed sales terms have been properly negotiated and proposed

21               in good faith; and

22            iv.    Whether notice of the sale was sufficient.

23    See, e.g., Fridman, 2016 WL 3961303, at *8; Walter, 83 B.R. at 19-20.  This list is not exclusive:

24    rather, the Court "should consider all salient factors pertaining to the proceeding and, accordingly,

25    act to further the diverse interests of the debtor, creditors, and equity holders, alike."  Walter, 83 B.R.

26    at 20 (quoting In re Cont'l Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986)).

27    Examination of all pertinent factors compels deference to the Debtor's decision to sell the Sale

28    Property under the terms of the Purchase Agreement.

10

**1.      Ample Business Justification For The Sale Exists.**

As discussed *supra* Section III.B, the Debtor intends to fund operations, including its obligations under the Plan, from property sales.  The sale of the Sale Property, at a price per acre significantly higher than any of the appraisals (discussed *supra* Section III.F), makes sound business sense.

**2.      The Sale Is In The Best Interest Of The Estate.**

**a.      The Sale Terms Are Fair And Reasonable.**

The Debtor's sale of the Sale Property at the Purchase Price of $4,950 per gross acre, or $792,000.00 in aggregate, is fair and reasonable.  The Purchaser has already paid $25,000 of the Purchase Price as a non-refundable deposit, will pay another $75,0000 of the Purchase Price in cash upon closing, and give the Debtor the secured Note for the balance of the Purchase Price, payable over 3 years, with interest at 5.5% per annum (0.5% higher than the non-default rate under the DCR Loan), quarterly payments of principal and interest based on a 25 year amortization schedule, and the balance (including all principal and interest) due and payable at the end of the term.  In addition, the Purchaser will pay the Debtor $1000 for an exclusive one-year Option to purchase the Adjacent Parcel at the price of $5,450 per gross acre.

**b.      The Sale Property Has Been Adequately Marketed.**

As discussed *supra* Section III.C, Gall has extensively marketed all of the Debtor's properties, including the Sale Property, over the past number of months.  Gall listed the properties on two national websites, sent out 250 emails (enclosing marketing brochures), and called over 75 potential buyers.  Gall has received over two dozen requests for information, and numerous expressions of interest in various of the properties.  Gall believes that the Purchase Agreement provides the highest and best available offer for the Sale Property.

**c.      The Sale Terms Have Been Properly Negotiated.**

As discussed *supra* Section III.F, the highest appraised "as is" value for the Sale Property is $4000 per acre.  The Debtor has succeeded in negotiating a sale price of $4950 – $950 per acre (nearly 24%) above the highest appraised value.  The terms of the secured Note have also been properly negotiated, providing for interest at a higher rate than the non-default rate under the DCR Loan.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42735415.v7-11/23/16

d.    **The Sale Has Been Sufficiently Noticed.**

Twenty-one days' notice of this Motion has been given to all creditors, special notice parties, and the United States Trustee in accordance with Rules 2002(a)(2), (c)(1), (i) & (j), 6004(a) & (c) and 9014, and Local Bankruptcy Rules 2002, 6004 & 9014.  Attached hereto as **Exhibit 1** is a chart summarizing the information contained in this Motion that is required to be disclosed pursuant to Local Rule 6004(b).  The Debtor submits that it has complied with all applicable notice requirements.

**B.    The Parties Have Entered Into The Sale Agreement In Good Faith.**

Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (emphasis added).

Section 363(m) serves the important purposes of both encouraging good faith transactions and preserving the finality of the bankruptcy court's orders unless stayed pending appeal is granted.  <u>See In re Abbotts Dairies of Pa., Inc.</u>, 788 F.2d 143, 147 (3d Cir. 1986).  If purchasers at court-approved section 363 sales (and/or their lenders) cannot rely on the validity of the purchase agreement and transfer documents, it will be difficult to maximize values at bankruptcy sales.

"A good faith buyer is one who buys in good faith and for value."  <u>Palladinao v. E & B Natural Res. Mgmt. Corp. (In re S. Coast Oil Corp.)</u>, 566 F. App'x 594, 595 (9th Cir. 2014) (quoting <u>Paulman v. Gateway Venture Partners III, L.P.</u> (<u>In re Filtercorp, Inc.</u>), 163 F.3d 570, 577 (9th Cir. 1998)).  "Absence of good faith is typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  <u>Adeli v. Barclay (In re Berkeley Delaware Court, LLC)</u>, No. 14-55854, 2016 WL 4437616, at *4 (9th Cir. Aug. 23, 2016) (quoting <u>Filtercorp</u>, 163 F.3d at 577).

Here, the Purchaser proposes to purchase the Sale Property in good faith and for value.  The $792,000 Purchase Price is the highest and best offered received, and exceeds the appraised values by a significant amount (nearly 24%).  There was no collusion between the Purchaser and the Debtor,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42735415.v7-11/23/16

nor any effort to take advantage of other potential bidders. The Court should find the Purchaser to be a good faith buyer.

## C.    The Property Can Be Sold Free and Clear Under Section 363(f)(5).

Section 363(f)(5) of the Bankruptcy Code permits the Debtor to sell the Property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5).

As discussed above, the DCR Loan contains the Release Provision, granting the Debtor "the right to procure a release of the Liens on any parcel of Collateral by making a principal payment to Lender in immediately available funds equal to 105% of the appraised value of such parcel of Collateral (each such payment, a "Release Payment")." See Rhodes Declaration, ¶ 19, Exhibit C, at p. 8, § 3.2.

Deed release provisions, also known as "partial release provisions," are fully enforceable. Pac. Capital Bancorp, N.A. v. E. Airport Dev., LLC (In re E. Airport Dev., LLC), 443 B.R. 823, 830 (B.A.P. 9th Cir. 2011). Moreover, they are "a contractual mechanism under which [the lender] could be compelled, in a specific performance action, to accept a money satisfaction of its interest for less than the full value of its claim" within the meaning of section 363(f)(5). Id.

Because the parties have each hired independent, third-party appraisers whose appraised values of the Debtor's property differ, they cannot reach agreement on amount of the Release Payment. Therefore, the Court must determine the value of the Parcel of Sale Property so that the Debtor can pay Contrail the appropriate Release Payment (105% of the appraised value) and transfer the Sale Property to the Purchaser free and clear of Contrail's lien.

The Debtor submits that the Purchase Price offered ($4950 per acre) is the best evidence of the fair market value of the Sale Property, resulting in a Release Payment of $792,000. If, however, the Court decides to rely on appraisals instead to reach its determination of the "appraised value" (the term used in the DCR Loan), the Court should choose the value given in the Rebuttal Appraisal (of $4000 per acre) as the closest to the Purchase Price, resulting in a Release Payment of $640,000.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**D.      The Court Should Subdivide The Property To Enable The Sale.**

The Purchaser has made only two conditions precedent to closing:  the Court's approval of the Purchase Agreement and sale of the Sale Property free and clear of claims, liens and encumbrances; and the Court's subdivision of the Parcel into the Sale Property and the Adjacent Parcel, so that the transfer of the Sale Property can occur.  Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtor submits that the Court's order subdividing the Parcel in order to effectuate the transfer of the Sale Property under the terms of the Purchase Agreement is necessary and appropriate under the circumstances.

**V.**

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Debtor respectfully requests that this Court enter an Order in the form annexed hereto as **Exhibit 2**:

1.      Authorizing the Debtor's sale of the Sale Property to the Purchaser under the terms of the Purchase Agreement, free and clear of all claims, liens, interests and encumbrances upon the Debtor's payment to Contrail of the Release Payment, but subject to an easement in favor of the Debtor;

2.      Determining the appraised value of the Sale Property for purposes of calculating the Release Payment;

3.      Finding that the Purchaser is a good faith buyer;

4.      Subdividing the Parcel in order to facilitate the transfer of the Sale Property;

5.      Finding that Notice of the Motion was appropriate and sufficient; and

6.      Granting such other relief as the Court deems necessary, just, and proper.

DATED this 23rd day of November, 2016.

**FOX ROTHSCHILD LLP**

By:      _/s/Brett A. Axelrod_
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135
      *Counsel for Mohave Agrarian Group, LLC*

# EXHIBIT 1
## LOCAL RULE 6004 DISCLOSURES

The following chart summarizes the information required to be disclosed pursuant to Local Rule 6004(b), including, but not limited to, certain material terms of the proposed Purchase Agreement.  The Debtor refers all parties to the Purchase Agreement, a copy of which is attached to the Rhodes Declaration as Exhibits A & B.  In the event of a conflict between this summary and the Purchase Agreement, the terms of the Purchase Agreement shall prevail.

| Local Rule | Disclosure |
|---|---|
| 6004(b)(1) | *"A copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the debtor reasonably believes it will execute in connection with the proposed sale"*<br>A copy of the Purchase Agreement is attached to the Rhodes Declaration as Exhibits A & B. |
| 6004(b)(2) | *"A list of all lien holders with an interest in the property to be sold under the sale motion"*<br>Contrail has a recorded deed of trust that includes the Sale Property as its collateral.  See Motion, ¶¶ 22 & 23.  Property taxes assessed with respect to the Sale Property are listed in Exhibit D to the Rhodes Declaration.  See Motion, ¶ 30. |
| 6004(b)(3) | *"A copy of a proposed form of sale order"*<br>The proposed Sale Order is attached to the Motion as Exhibit 2. |
| 6004(b)(4) | *"A request, if necessary, for the appointment of a consumer privacy ombudsman under 11 U.S.C. § 332."*<br>N/A |
| 6004(b)(5) | *"The sale motion must highlight material terms, and shall indicate the location of any such provision in the proposed form of order or purchase agreement."*<br>The material terms of the Purchase Agreement are highlighted and cited in the Motion, ¶¶ 14-20. |
| 6004(b)(6)(A) | *"If the proposed sale is to an insider, as defined in 11 U.S.C. § 101, the sale motion must (i) identify the insider; and (ii) describe the insider's relationship to the debtor."*<br>N/A. |
| 6004(b)(6)(B) | *"If a proposed buyer has discussed or entered into any agreements with management or key employees regarding compensation or future employment, the sale motion must disclose the material terms of any such agreements."*<br>N/A |

| Local Rule | Disclosure |
|---|---|
| 6004(b)(6)(C) | *"The sale motion must highlight any provisions pursuant to which an entity is being released or claims against any entity are being waived or otherwise satisfied."*<br>N/A. |
| 6004(b)(6)(D) | *"The sale motion must disclose whether an auction is contemplated, and highlight any provision in which the debtor has agreed not to solicit competing offers for the property subject to the sale motion or to otherwise limit the marketing of the property."*<br>No auction of the Sale Property is contemplated.  See Motion, ¶ 13. |
| 6004(b)(6)(E) | *"The sale motion must highlight any deadlines for the closing of the proposed sale or deadlines that are conditions to closing the proposed transaction."*<br>N/A. |
| 6004(b)(6)(F) | *"The sale motion must highlight whether the proposed purchaser has submitted or will be required to submit a good faith deposit and, if so, the conditions under which the deposit may be forfeited."*<br>The Purchaser has made a $25,000 non-refundable deposit.  See Motion, ¶ 16. |
| 6004(b)(6)(G) | *"The sale motion must highlight any provision pursuant to which a debtor is entering into any interim agreements or arrangements with the proposed purchaser, such as interim management arrangements (which, if out of the ordinary course, also must be subject to notice and a hearing under 11 U.S.C. §363(b)), and the terms of the agreements."*<br>N/A. |
| 6004(b)(6)(H) | *"The sale motion must highlight any provision pursuant to which a debtor proposes to release sale proceeds on or after the closing without further court order, or to provide for a definitive allocation of sale proceeds."*<br>N/A. |
| 6004(b)(6)(I) | *"The sale motion must highlight any provision seeking to have the sale declared exempt from taxes under 11 U.S.C. § 1146(a), and the type of tax (e.g., recording tax, stamp tax, use tax, or capital gains tax) for which the exemption is sought. It is not sufficient to refer simply to "transfer" taxes and the state or states in which the affected property is located."*<br>The Debtor does not seek to have the Sale declared exempt under 11 U.S.C. § 1146. |
| 6004(b)(6)(J) | *"If the debtor proposes to sell substantially all of its assets, the sale motion must highlight whether the debtor will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case."*<br>The Debtor is not selling substantially all of its assets. |
| 6004(b)(6)(K) | *"The sale motion must highlight any provision pursuant to which the debtor seeks to sell or otherwise limit any rights to pursue avoidance claims under Chapter 5 of Title 11 of the United States Code."*<br>N/A. |

2

| Local Rule | Disclosure |
|---|---|
| 6004(b)(6)(L) | *"The sale motion must highlight any provision limiting the proposed purchaser's successor liability."*<br>N/A. |
| 6004(b)(6)(M) | *"The sale motion must highlight any provision by which the debtor seeks to sell property free and clear of a possessory leasehold interest, license or other right."*<br>All of the Debtor's right, title, and interest in and to the Sale Property shall be sold  free and clear of Contrail's lien in accordance with 11 U.S.C. § 363(f)(5), upon the Debtor's payment to Contrail of the Release Payment. <u>See</u> Motion, § IV.C. |
| 6004(b)(6)(N) | *"The sale motion must highlight any terms with respect to credit bidding pursuant to 11 U.S.C. § 363(k)."*<br>N/A. |
| 6004(b)(6)(O) | *"The sale motion must highlight any provision whereby the debtor seeks relief from the fourteen (14) day stay imposed by Fed. R. Bankr. P. 6004(h)."*<br>N/A. |

3

# EXHIBIT 2

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive,  Suite 700
Las Vegas, Nevada  89135
Telephone:  (702) 262-6899
Facsimile:   (702) 597-5503
Email:  baxelrod@foxrothschild.com
*Counsel for Mohave Agrarian Group, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-16-10025-mkn |
| MOHAVE AGRARIAN GROUP, LLC, an Arizona limited liability company, | Chapter 11 |
| | **ORDER AUTHORIZING PRIVATE SALE OF DEBTOR'S REAL PROPERTY TO ENCORE INVESTMENTS, LLC, FREE & CLEAR OF LIENS; SUBDIVISION OF DEBTOR'S PROPERTY** |
| Debtor. | |
| | Hearing Date:    January 23, 2017<br>Hearing Time:  9:30 a.m. |

The Court having reviewed and considered Mohave Agrarian Group, LLC's ("Debtor") motion (the "Motion")[1] for an order, pursuant to sections 105(a), 363(b), 363(f)(5) & 363(m) of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended, the "Bankruptcy Code"):

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42834741.v5-11/23/16

(a) authorizing the sale of a portion of a parcel of the Debtor's real property (the "Sale Property") to Encore Investments, LLC (the "Purchaser"), free and clear of all claims, liens, interests and encumbrances, but subject to an easement in favor of the Debtor; (b) setting the release price for the Sale Property under the Debtor's loan with Contrail Holdings, LLC ("Contrail"); (c) finding that the Purchaser is a good faith buyer; (d) subdividing the Debtor's property in order to facilitate the transfer of the Sale Property; (e) finding that notice of the Motion complied with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice; and (f) granting such other relief as appropriate in the best interests of the estate; and upon consideration of the *Declaration of James M. Rhodes* and the *Declaration of John Gall* filed in support of the Motion; no oppositions having been filed; and Debtor having appeared through its counsel, Fox Rothschild, LLP, and all other appearances having been noted on the record; after due deliberation and sufficient cause appearing therefor, the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Federal Rule of Civil Procedure 52, as made applicable by Bankruptcy Rule 9014, and it appearing that there is a valid business justification for the sale of the Sale Property to the Purchaser under the terms of the Purchase Agreement, and that such sale is in the best interests of the Debtor's estate because, among other things, the terms of the Purchase Agreement are fair and reasonable, and were properly negotiated and proposed in good faith, and the Sale Property was adequately marketed, which resulted in the Purchase Agreement being the highest and best offer; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is GRANTED; and

**IT IS FURTHER ORDERED** that

1.      Debtor is authorized to take all necessary and reasonable steps to consummate the sale of the Sale Property to the Purchaser under the terms of the Purchase Agreement, free and clear of all claims, liens, interests and encumbrances upon the Debtor's payment to Contrail of the Release Payment, but subject to an easement in favor of the Debtor as provided under the terms of the Purchase Agreement;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

2.      The appraised value of the Sale Property is $_____ for purposes of calculating the Release Payment;

3.      The Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code;

4.      The Parcel is hereby subdivided into two 157.9 acre parcels, one of which will be the Sale Property and the other of which will be the Adjacent Parcel, as described and shown in **Exhibit A** (the Sale Property) and **Exhibit B** (the Adjacent Property) hereto;

5.      Notice of the Motion was appropriate and sufficient; and

6.      This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By_____*/s/Brett A. Axelrod*_____
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*Counsel for Mohave Agrarian Group, LLC*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

William Noall                          Approved / Disapproved
*Counsel for Contrail Holdings,*
*LLC*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\42834741.v5-11/23/16

### Exhibit "A"
Legal Description of The Property

THE W1/2 (West Half) OF THE SOUTHWEST QUARTER OF SECTION 19 TOWNSHIP 22 NORTH, RANGE 15
WEST CONTAINING 157.9 ACRES (a portion of parcel number 313-02-021)



**Exhibit "B"**
Legal Description of the Adjacent Parcel

THE EAST 1/2 (East Half) OF THE SOUTHWEST QUARTER OF SECTION 19 TOWNSHIP 22 NORTH, RANGE 15 WEST CONTAINING 157.9 ACRES (a portion of parcel number 313-02-021)



Exhibit: B

PH-1

APN
313-02-XXX
157.9Ac

APN
313-02-021
157.9Ac

APN
313-02-022
641.4Ac